AYRES, Judge.
This action was originally instituted by Gertrude Buvens and by Felix N. Buvens and Dr. F. A. Buvens as trustees of the Gertrude Buvens trust. Dr. Buvens died April 25, 1954, and under its terms the trust agreement terminated, after which Gertrude Buvens remained as the sole party plaintiff.
This action arose out of a lease contract wherein, on April 29, 1949, plaintiff leased to one R. H. Kelly the surface rights on a tract of land comprising 210 acres, more or less, situated in Sabine Parish, Louisiana, for a period of five years, beginning May 1, 1949, for a cash consideration of $150, representing the payment of rent for the first *325 six months at $25 per month, and on terms of $25 per month for the remainder of the period of said lease, payable on the first of each month in advance. Among the stipulations of said lease, lessor reserved the use and possession of one of the tenant houses situated on said property.
Under date of February 1, 1952, R. H. Kelly transferred and assigned to the defendant, E. M. Patrick, the aforesaid lease. The transferee bound and obligated himself to comply with all the terms, conditions and provisions of said lease and assumed the payment of the monthly rentals.
Following the ' aforesaid assignment, .an agreement was entered into between plaintiff and defendant whereby plaintiff was permitted to occupy the main residence, the old home place, in lieu of one of the tenant houses, in consideration of which the stipulated rent was reduced from $25 to $18 per month. Defendant paid the rent thus agreed upon but at the rate of $17 per month for two months. September 30, 1953, plaintiff instituted this action for the sum of $288, representing the rent allegedly past due and owing for 16 months.
From a judgment as prayed for in plaintiff’s favor, defendant prosecutes an appeal to this court
Defendant filed a plea of lis pen-dens and an exception of no cause or right of action in the trial court, which were overruled. They were neither argued nor briefed before this court and are, therefore, considered as abandoned.
 In answer to plaintiff’s demands, defendant, in effect, admitted the agreement with plaintiff whereby she was to occupy the main residence and that the rent due by defendant was reduced, as she contended, except that he contended that plaintiff rented the main dwelling for the sum of $8 per month, which was to that extent to offset and reduce the payments due by him under the aforesaid lease. Thus, he claimed that the rent of the main residence was without any term for its duration and, therefore, on a month-to-month basis. On that assumption, defendant caused his counsel to write plaintiff May .31, 1952, informing her that thereafter the rent on the main dwelling would be $25, per month, which would offset and extinguish his monthly payments for the rent of the entire 210-acre tract.
The record discloses that thé main residence was in need' of considerable repairs at the time to make it fit for occupancy. Repairs were made to the extent of requiring expenditures by plaintiff’s brother of from $400 to $500. . . ' ;
The questions presented- are largely factual in nature and the trial court resolved the issues in plaintiff’s _ favor. We have found from the record, no manifest error in the judgment rendered.-
The facts do not support defendarit’s position that plaintiff occupied the main residence upon a month-to-month rental basis. It is not shown that plaintiff in any way agreed to or acquiesced in the terms of counsel’s letter offering or purporting to rent her the residence for ’$25 per month. There was no agreement as to any such modification of their former agreement. A lease, whether' verbal or written, is a contract, and such a contract can not be established except by a showing of the agreement of both parties to the terms thereof. ’ The residence at the time could hardly be said to be fit for occupancy and was only made so by the expenditures here-inabove mentioned.
No conclusion could be reached" other than that it was intended by the parties that their agreement relative to plaintiff’s occupancy of the main dwelling cover the period of time remaining under -the terms of the lease and that defendant is obligated to pay the rent. The difference to be paid by defendant was established to be $18 per month. The correctness of the amount does not admit of serious dispute.
The judgment appealed is, therefore, affirmed at appellant’s costs.
Affirmed.